**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT A. JONES,

      Plaintiff - Appellant,

v.

TRAVIS SMITH, Deputy Warden,
Great Plains Correctional Facility,
Official Capacity; BILLY BEETS,
DR.; JOANNE RYAN, Chief Medical
Director of DOC, Official Capacity;
JANE DOE, Administrator at Great
Plains Correctional Facility, Official
Capacity; McCARTHY, Chronic
Nurse, Great Plains Correctional
Facility, Official Capacity; JUSTIN
DOTY, Case Manager, Great Plains
Correctional Facility, Official
Capacity; RONALD J. WARD,

      Defendants - Appellees.

No. 04-6116
(D.C. No. CIV-03-397-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert A. Jones ("Plaintiff"), a state prisoner appearing *pro se* and *in forma pauperis*, claims that he was improperly treated for his hepatitis-C in prison and that he was improperly assigned to a food service job that was medically inappropriate given his neck, foot, and knee problems. He brought these claims in federal court against employees of the prison itself and employees of the state department of corrections pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA),[1] and the Rehabilitation Act (RA).[2] Additionally, he brought a state tort claim for intentional infliction of emotional distress (IIED). The district court dismissed the counts relating to medical care issues for failure to exhaust, and dismissed the counts relating to job assignment for failure to state a claim under the ADA or RA.

Exercising jurisdiction under 28 U.S.C. § 1291, we now AFFIRM the dismissal of the federal medical care counts for failure to exhaust, and AFFIRM the dismissal of the job assignment counts for failure to state a claim under the ADA or RA.[3] We also AFFIRM the dismissal of the state IIED claim for lack of

---

[1]Title II of the ADA is codified at 42 U.S.C. § 12131 *et seq*.

[2]The RA is codified at 29 U.S.C. § 794(a).

[3]On appeal, Plaintiff also raises a Fourteenth Amendment due process argument seeking restoration of classification levels and good time credits.

(continued...)

supplemental jurisdiction.  Finally, we AFFIRM the designation of this dismissal as a "strike" under 28 U.S.C. § 1915(g).

## BACKGROUND

Plaintiff alleges in his complaint that he has tested positive for hepatitis-C and that Defendants denied him the FDA-approved treatment of the drugs Interferon and Ribavirin while in prison.  He also alleges that Defendants failed to provide him with prescribed herbal remedies for his hepatitis-C.  Further, he complains that he was refused a specialized consultation for bone spurs, Achilles tendinitis, and neck pain, as well as treatment for headaches (all unrelated to his hepatitis-C).  Finally, Plaintiff states that he was improperly assigned to work in food services because he is physically unable to do the work in light of his neck, foot, and knee problems, and that Defendant McCarthy refused to give the job coordinator a copy of a medical restriction memo.

In Count I, Plaintiff alleges that Defendants' failure to treat his hepatitis-C with Interferon and Ribavirin violates his Eighth Amendment right to be free of cruel and unusual punishment.  In Count II, he alleges that the denial of Interferon, Ribavirin, and prescribed herbal remedies constitutes "outrageous

---

[3](...continued)
Because he specifically amended his complaint to omit this claim, we ignore this argument.

conduct" and deliberate indifference in violation of his constitutional rights. In Count III, he alleges that the denial of Interferon and Ribavirin constitutes intentional infliction of emotional distress (IIED). In Count IV, Plaintiff claims that Defendants' failure to treat him with Interferon and Ribavirin is a violation of the ADA, and that his assignment to work in food services is a violation of the ADA and the RA. Finally, in Count V, Plaintiff asserts that Defendants violated the ADA and the RA by assigning him to medically inappropriate work and by refusing to accept his medical restriction memo.

Defendants moved to dismiss all of Plaintiff's medical care claims (Counts I-III and part of Count IV) on the basis that Plaintiff has failed to exhaust his administrative remedies. Defendants also moved to dismiss the job assignment claims (part of Count IV and all of Count V) for failure to state a claim under the ADA or RA. Plaintiff also moved for summary judgment. The district court granted the motions to dismiss, denied the motion for summary judgment as moot, and designated the entire dismissal as one "strike" or "prior occasion" under 28 U.S.C. § 1915(g). Plaintiff now appeals.

**DISCUSSION**

**Standard of Review:**

We review *de novo* the district court's finding of failure to exhaust administrative remedies. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). We also review *de novo* the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). We apply the same standard as the district court, accepting as true all well-pleaded allegations in the complaint[4] and affirming the grant of dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. Additionally, we construe a pro se litigant's pleadings liberally, but we need not accept conclusory allegations without supporting factual averments. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[4]Much of Plaintiffs' appellate brief is devoted to arguing that the district court improperly resolved factual disputes. We reject these arguments because the district court properly assumed the truth of the allegations in the complaint. Once the court granted the motion to dismiss all of the counts, it correctly recognized that Plaintiff's summary judgment motion was moot.

**Analysis:**

## I.  Dismissal of federal medical care claims for failure to exhaust (Counts I, II, and part of IV)

Under the Prison Litigation Reform Act (PLRA), a prisoner who files a civil action challenging the conditions of his confinement must first exhaust administrative remedies:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  This mandatory exhaustion requirement must be strictly observed "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001).  This requirement "applies to all inmate suits about prison life, whether [those suits] involve general circumstances or particular episodes, and whether [those suits] allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  The plain language of § 1997e(a) requires prisoner actions under "any" federal law to meet the exhaustion requirement, and we thus decline Plaintiff's invitation to exempt ADA suits.[5]  See Jones v. Smith, 266 F.3d 399, 400 (6th Cir. 2001) (applying PLRA

---

[5]A couple of Plaintiff's supporting citations are inapposite.  For example, Finley v. Giacobbe dealt with the lack of an exhaustion requirement in the ADA itself, not the lack of an exhaustion requirement under the PLRA for prisoners' suits under the ADA.  827 F. Supp. 215, 219 n.3 (S.D.N.Y. 1993).  And, Beckford
(continued...)

exhaustion requirement to prisoner's ADA action); <u>Carrasquillo v. New York</u>, –

F. Supp. 2d –, 2004 WL 1555223 (S.D.N.Y. 2004) (stating that Congress intended

§ 1997e(a) to apply to *all* federal suits, including ADA suits).  <u>But see</u> <u>Parkinson</u>

<u>v. Goord</u>, 116 F. Supp. 2d 390, 398-99 (W.D.N.Y. 2000) (finding that the PLRA

exhaustion requirement did not apply because Title II of the ADA itself had no

exhaustion requirement).

In the instant case, Plaintiff has provided no evidence showing

administrative exhaustion of his federal medical care claims, nor does his opening

brief even contest the district court's finding on this point.[6]  We thus AFFIRM the

district court's dismissal of Counts I, II, and part of IV for failure to exhaust

under the PLRA.  Although a dismissal for failure to exhaust is usually without

prejudice, we have stated that it can constitute a strike under § 1915(g), <u>see</u> <u>Steele</u>

<u>v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1213 (10th Cir. 2003), and we thus

AFFIRM the district court's designation of this dismissal as a "strike."[7]

---

[5](...continued)
<u>v. Irvin</u>, has nothing to do with the exhaustion requirement of the PLRA.  60 F. Supp. 2d 85, 88 (W.D.N.Y. 1999)

[6]In his reply brief, Plaintiff mentions that he filed a grievance with a different prison at a later time, complaining that others received the medications he needed but did not receive.  However, he does not show how this is relevant to the allegations regarding the time period and prison discussed in his current complaint, nor does he provide a copy of this grievance.

[7]Plaintiff argues on appeal that he should not receive a strike under
(continued...)

## II. Dismissal of job assignment claims for failure to state a claim under the ADA and RA (part of Count IV and all of Count V)

The government concedes that Plaintiff exhausted his claims regarding the allegedly improper job assignment to food services (part of Count IV and all of Count V), and the district court's holding as to that point stands. We thus review the district court's decision to dismiss these counts for failure to state a claim under the ADA and RA, and ultimately agree with the district court.

Title II of the ADA prohibits discrimination based on disability in the availability of services, programs, or activities of a public entity:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. This section is applicable to state prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998) ("State prisons fall squarely

---

[7](...continued)
§ 1915(g) because he meets that statute's "imminent danger" exception. However, Plaintiff misunderstands this exception, as it only applies when a prisoner has reached three strikes, but desires to file suit *in forma pauperis* for a fourth time because he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception is irrelevant to the instant case, as this is Plaintiff's first strike.

Plaintiff is also reminded that he will not be precluded from filing suit after accruing three strikes; he will only be required to pre-pay filing fees before doing so (unless he can then meet the "imminent danger" exception).

within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.").  The RA states in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

Plaintiff has failed to state a claim under either of these statutes because he does not claim that his job assignment to medically inappropriate work was done *because of his disability*.  Rather, his complaint simply states that Defendants assigned him to work that he was physically unable to perform.  It does not provide facts to support discrimination, nor does it even state that the allegedly improper job assignment was made because of his disability.[8]  This assignment could have been the result of incompetence or personal spite or any other number of reasons, according to Plaintiff's complaint.  Plaintiff has thus failed to state a disability discrimination claim under the ADA or RA.

---

[8]In Count IV, Plaintiff's complaint does at least state that he was discriminated against because of his hepatitis-C.  However, that statement goes only to the unexhausted medical care claims, not the job assignment claims, because he alleges that the job assignment was improper because of his neck, knee, and foot problems that were unrelated to his hepatitis-C.

We also decline to construe Plaintiff's complaint as an attempt to state a "failure to accommodate" claim under the ADA or RA, as his complaint does not allege that he has been precluded from participating in the work services program in a different (more medically appropriate) job or from participating in the food services job with help or accommodation. Rather, he simply alleges that it was physically impossible for him to do the food services job. He does not allege that he requested accommodation from the prison and did not receive it. Finally, Plaintiff's requested relief is not accommodation or a different job, but removal of the "refusal to work" designation from his record and the alleviation of other consequences that flowed from his refusal to work. We thus agree with the district court that Plaintiff has failed to state a cognizable claim under either the ADA or the RA.

On appeal, Plaintiff's main argument against the dismissal of his job assignment claims is that they constitute an Eighth Amendment violation. It is true that Plaintiff may have been able to state a claim under the Eighth Amendment for the prison forcing him to do medically inappropriate work. See, e.g., Williams v. Norris, 148 F.3d 983, 986-87 (8th Cir. 1998); Toombs v. Hicks, 773 F.2d 995, 997 (8th Cir. 1985); Farinaro v. Coughlin, 642 F. Supp. 276, 279 (S.D.N.Y. 1986). However, Plaintiff's complaint does not allege an Eighth

Amendment violation regarding the allegedly improper job assignment, but alleges solely ADA and RA violations.

Accordingly, we AFFIRM the district court's dismissal for failure to state a claim under the ADA and RA, and AFFIRM the designation of a "strike" under § 1915(g) (requiring strike where *in forma pauperis* complaint dismissed for failure to state a claim).

## III.  Dismissal of state IIED claim (Count III)

Because we have affirmed the dismissal of all of Plaintiff's federal claims, we decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 and thus dismiss this state claim for lack of subject matter jurisdiction.  Accordingly, we AFFIRM the dismissal of Count III.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Plaintiff's federal medical care claims (Counts I, II, and part of IV) for failure to exhaust; we AFFIRM the district court's dismissal of Plaintiff's job assignment claims (part of Count IV and all of Count V) for failure to state a claim under the ADA and RA; we AFFIRM the dismissal of Plaintiff's state law IIED claim (Count III) on the ground that we lack subject matter jurisdiction; and we

AFFIRM the district court's designation of this dismissal as one "strike" under § 1915(g).

Additionally, we GRANT Plaintiff's *in forma pauperis* motion to pay the filing fee in partial payments and remind him of his obligation to do so.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge