FILED
United States Court of Appeals
Tenth Circuit

July 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WALTER ALMON PAYTON,

      Petitioner-Appellant,

v.

ROGER WERHOLTZ; FNU LNU,
Secretary of Corrections; STATE OF
KANSAS; RAY ROBERTS, Secretary of
Corrections; DEREK SCHMIDT, Kansas
Attorney General,

      Respondents-Appellees.

No. 13-3115
(D.C. No. 5:13-CV-03066-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **HOLMES**, and **MATHESON**, Circuit Judges.

Walter Almon Payton, a Kansas state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

28 U.S.C. § 2254 petition as an unauthorized second or successive habeas petition.

We deny a COA and dismiss this matter.

In 1998, Mr. Payton was convicted in a Kansas state court of three counts of

rape and sentenced to 712 months' imprisonment.  The district court denied his first

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2254 petition as untimely, and this court denied a COA. *Payton v. McKune*, 140 F. App'x 804 (10th Cir. 2005). He filed another § 2254 petition, which the district court dismissed for lack of jurisdiction as an unauthorized second or successive petition. And this court has twice denied him authorization to file second or successive § 2254 petitions, *see In re Payton*, No. 09-3323 (10th Cir. Nov. 16, 2009) (unpublished order denying first motion for authorization); *In re Payton*, No. 13-3172 (10th Cir. July 25, 2013) (unpublished order denying second motion for authorization and setting forth complete procedural history of Mr. Payton's cases).

In April of 2013, Mr. Payton filed his third § 2254 petition. The district court dismissed the petition as an unauthorized second or successive § 2254 application. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization."). In doing so, the court found that Mr. Payton presented claims similar to those he presented in his first petition filed in 2003. Also, the court denied a COA.

Mr. Payton now seeks a COA to appeal from the district court's dismissal. The granting of a COA is a jurisdictional prerequisite to his appeal from the denial of his § 2254 application. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if [Mr. Payton] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his § 2254 petition on procedural grounds, we will grant a COA only if he shows

"that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We conclude that Mr. Payton has failed to make this showing. Under the circumstances of this case, it is not debatable that the district court, when presented with an unauthorized second or successive application, correctly dismissed it for lack of jurisdiction. This is so because no reasonable jurist could debate the correctness of the court's conclusion that Mr. Payton failed to obtain our authorization to file a second or successive § 2254 petition alleging a claim based on a new rule of law or newly discovered evidence. *See* 28 U.S.C. § 2244(b)(2) (setting forth requirements for filing second or successive § 2254 application). Rather, Mr. Payton's claims are the same or similar to claims he asserted in his other § 2254 petitions or motions for authorization and are an attempt to challenge the same conviction he challenged in his first § 2254 petition.

Accordingly, we deny Mr. Payton's request for a COA and dismiss this matter. We caution him that any further attempts to challenge his rape convictions may result in the imposition of sanctions, including filing restrictions.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -