FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WALTER PAYTON,

     Plaintiff - Appellant,

v.

RICHARD T. BALLINGER, Former
Sedgwick County District Court Judge for
the Eighteenth Judicial District, in his
official professional and nonprofessional
individual capacities; RONALD S.
TROLLOPE, Detective for the Wichita
Police Department, in his official
professional and nonprofessional individual
capacities; KIMBERLY T. PARKER,
Assistant Sedgwick County District
Attorney for the Eighteenth Judicial
District, in her official professional and
nonprofessional individual capacities;
COUNTY OF SEDGWICK, in its official
professional and nonprofessional individual
capacities; DAVID W. KENNEDY,
District Court Judge, Former Sedgwick
County District Court Judge for the
Eighteenth Judicial District, in his official
professional and nonprofessional individual
capacities; SEDGWICK COUNTY
EIGHTEENTH JUDICIAL DISTRICT OF
KANSAS, in its official professional and
nonprofessional individual capacities;
WICHITA POLICE DEPARTMENT, in its
official professional and nonprofessional
individual capacities; CITY OF WICHITA,
in its official professional and
nonprofessional individual capacities;
KANSAS SUPREME COURT, in its
official professional and nonprofessional
individual capacities; KANSAS COURT

No. 20-3101
(D.C. No. 5:20-CV-03092-SAC)
(D. Kan.)

OF APPEALS, in its official professional and nonprofessional individual capacities; NOLA T. FOULSTON, Former Sedgwick County District Attorney for the Eighteenth Judicial District, in her official professional and nonprofessional individual capacities; MARK BENNETT, Current Sedgwick County District Attorney for the Eighteenth Judicial District, in his official professional and nonprofessional individual capacities; (FNU) (LNU) (1), All Unknown/Unnamed Individuals, Co-conspirators with the City of Wichita, Sedgwick County, and Eighteenth Judicial District, in their official professional and nonprofessional individual capacities; (FNU) (LNU) (2), All Attorneys of Record of Appearance for Walter (aka: "Manuel") Payton, Co-conspirators with the Eighteenth Judicial District, in their official professional and nonprofessional individual capacities,

Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Walter Payton, a Kansas state prisoner proceeding pro se, appeals the district court's dismissal of his Amended Complaint. The district court screened Payton's Amended Complaint under 28 U.S.C. § 1915A and relied on both bases identified in that section to dismiss: (1) failure to state a claim upon which relief may be granted, and (2)

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

seeking monetary damages from a defendant who is immune from suit. The district court also dismissed on (mistaken) grounds that Payton had not paid the initial partial filing fee as ordered by the court. Payton moves to proceed in forma pauperis ("IFP") on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of Payton's claims and grant his motion to proceed IFP.

## BACKGROUND

In 1998, a jury convicted Payton of two counts of statutory rape and one count of rape. *See Payton v. State*, 274 P.3d 46, No. 105,822, 2012 WL 1352837, at *1 (Kan. Ct. App. Apr. 12, 2012) (unpublished table decision). For this, the court imposed a 712-month sentence. *Id.* On direct appeal, the Kansas Court of Appeals affirmed Payton's conviction and sentence. *Id.* Since then, Payton has sought, and failed, to invalidate his conviction through state and federal actions, including through successive 28 U.S.C. § 2254 petitions. *See*, *e.g.*, *Payton v. Werholtz*, 523 F. App'x 506, 506-07 (10th Cir. 2013) (unpublished); *Payton*, 274 P.3d 46, 2012 WL 1352837, at *1.

On March 25, 2020, Payton commenced this action, suing state and local governmental officials and employees. He alleged that named defendants violated his Sixth and Fourteenth Amendment rights in connection with DNA evidence relating to the rapes. For these violations, Payton sought monetary damages and more DNA testing.

The district court read Payton's Complaint as asserting claims under 42 U.S.C. § 1983. Screening the Complaint under 28 U.S.C. § 1915A, the district court concluded that it failed to state a claim. The district court ordered Payton to show cause for why his claims should not be dismissed, or alternatively, if Payton chose, to file an amended

3

complaint. Addressing Payton's IFP motion, the district court ordered Payton to submit an initial partial filing fee of $117 by May 7, 2020 and to pay the remaining balance of the $350 filing fee in installments.

On May 5, 2020, Payton filed an Amended Complaint, adding defendants and claims. This time, Payton also asserted Fourth and Eighth Amendment claims, as well as state-law claims. In addition to the relief sought in his first Complaint, he requested "immediate release[] from the custody of the Secretary of the Kansas of Department of Corrections and all future prosecution in this matter." R. at 50.

The district court dismissed the Amended Complaint on three independent bases: (1) failure to pay the partial filing fee, (2) failure to state a claim, and (3) seeking monetary relief from defendants who are immune from suit. Further, the district court declined to exercise supplemental jurisdiction over the remaining state-law claims. Accordingly, in response to Payton's "Request A Certificate of Appealability," while still construing Payton's Amended Complaint as asserting § 1983 claims, the district court denied a certificate of appealability.[1] The district court certified that an appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3) for the reasons given in its orders dismissing the Complaint and Amended Complaint.

---

[1] Throughout these proceedings, the district court understood that Payton filed a suit for civil damages, not a habeas petition, but the court took the precaution of denying a certificate of appealability because Payton fashioned this filing as such (a "Request A Certificate of Appealability"). Payton indicates on appeal that he does not bring a habeas petition and following and agreeing with this assertion, we treat this case as one for relief under § 1983.

4

On May 26, 2020, Payton filed a notice of appeal. He attached ledgers showing that he in fact had paid on April 7, 2020 $117 for "FF Fees Initial" and paid on May 12, 2020 $16 for "Cash Federal Fil." *Id.* at 79–80. On May 27, 2020, the district court filed a notice acknowledging that Payton had in fact paid the initial partial filing fee on April 22, 2020 and that the clerk's office had mistakenly failed to docket the payment.

**DISCUSSION**

## I. Section 1915A

### A. Dismissal for Failure to State a Claim

We review de novo a district court's order under § 1915A dismissing a complaint for failure to state a claim for relief. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (citation omitted). Under the *Heck* doctrine, a state prisoner cannot pursue § 1983 relief premised on the invalidity or duration of the prisoner's confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *see generally Heck v. Humphrey*, 512 U.S. 477 (1994). So when determining whether such a prisoner may pursue a claim seeking redress from a governmental entity or officer or employee, a court must consider whether a judgment in the prisoner's favor would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. If so, the court must dismiss the complaint if the conviction or sentence has not been invalidated. *See id*.

The district court properly applied the *Heck* doctrine to Payton's claims. As noted, his claims challenge the validity of his rape convictions. Indeed, he requests DNA retesting, release from custody, and release from further prosecution. But his conviction remains intact despite his multiple state and federal challenges. *See*, *e.g.*, *Payton*, 523

5

F. App'x at 506–07; *Payton*, 274 P.3d 46, 2012 WL 1352837, at \*1. Hence, Payton's § 1983 claims are yet another attempt to attack this conviction.

## B.       Dismissal Because of Defendants' Immunity

Additionally, the district court properly concluded that several named defendants are immune from suit. Payton sues two Kansas state judges, but judges are generally immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Though the law recognizes exceptions to judicial immunity, *see id*. at 11–12, Payton has not alleged facts that meet an exception.

Payton also sues three Kansas prosecutors, but prosecutors are similarly immune from § 1983 claims for activities "intimately associated with the judicial . . . process," such as initiating and prosecuting criminal cases. *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (internal quotation marks omitted and alteration in original) (quoting *Pfeiffer v. Hartford Fire Ins.*, 929 F.2d 1484, 1489 (10th Cir. 1991)). Because Payton bases his claims on such activities, prosecutorial immunity precludes suit against these defendants.

Finally, Payton sues the State of Kansas and several state entities. Kansas has not waived its Eleventh Amendment immunity to § 1983 suits in federal court, *see Jones v. Courtney*, 466 F. App'x 696, 700 (10th Cir. 2012) (unpublished), so these defendants also enjoy immunity.[2]

---

[2] The district court also dismissed Payton's Amended Complaint on grounds that he does not allege how several defendants personally participated in violating his rights, does not allege that the defendants' defense attorneys acted under color of state law, and

6

Because the district court dismissed all of Payton's federal-law claims, the district court acted within its discretion in refusing to exercise supplemental jurisdiction over Payton's state-law claims. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238–39 (10th Cir. 2020).

## II.     Prison Litigation Reform Act ("PLRA") & IFP Motion

Payton also filed a motion to proceed IFP. Under 28 U.S.C. § 1915(g), a prisoner cannot bring civil actions or appeals under IFP status if the prisoner has three or more times had an action or appeal dismissed as "frivolous" or "malicious" or for "fail[ing] to state a claim upon which relief may be granted" (*i.e.*, has three or more strikes), "unless the prisoner is under imminent danger of serious physical injury." Dismissal for failure to state a claim under § 1915A counts as a strike. *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1177 (10th Cir. 2011) (abrogated on other grounds). The district court's dismissal of the § 1983 claims because they were *Heck* barred is a strike and that strike was immediately effective. *See Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1763–64 (2015); *Jones v. Smith*, 109 F. App'x 304, 309 (10th Cir. 2004) (unpublished). This single strike does not preclude Payton from proceeding IFP on this appeal. But we assess another strike for our dismissal of this appeal because we

---

has not overcome the bar against due process claims for DNA testing. Additionally, the district court concluded that some named defendants, as subordinate governmental units, do not have capacity to sue or be sued. We need not address each of these bases because we "may affirm on any ground" supported by the record. *Sherman v. Klenke*, 653 F. App'x 580, 595–96 (10th Cir. 2016) (unpublished) (internal quotation marks omitted) (quoting *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1256 (10th Cir. 2011)).

agree with the district court's application of *Heck*. *See Hafed*, 635 F.3d at 1177. We caution Payton to consider his suits going forward to avoid accumulating that third strike.

For this appeal, we grant Payton's motion to proceed IFP.

## CONCLUSION

For the reasons stated above, we AFFIRM dismissal of the Amended Complaint, GRANT Payton's request to proceed IFP and assess Payton his second strike under the PLRA.

Entered for the Court


Gregory A. Phillips
Circuit Judge